646 F.2d 1271
 LITTLE ROCK TELEVISION COMPANY, Gail Smith, Gwendolyn May,
James K. Smith, Hope Smith, Jerome Duncan, Leslie A.
Williams, Panorama Broadcasting Corporation, Sunburst
Corporation, Talley Television Corporation, The Television
Ten, Inc., Thomas S. Blanton, Trans American Television
Corp., Barbara Smith, Comstat Corporation, Corporation for
Black Television of Atlanta, Corporation for Black
Television of Miami, Petitioners,
v.
FEDERAL COMMUNICATIONS COMMISSION and United States of
America, Respondents;
Community Television Network, Inc., Corporation for Public
Broadcasting, Public Broadcasting Service, National
Association of Public Television Stations, National
Association of Broadcasters, American Broadcasting
Companies, Inc., Birmingham Television Corporation,
Cleveland Associates Co., General Electric Broadcasting
Company, Guaranty Broadcasting Corporation, Retlaw
Enterprises, Inc., Roy H. Park Broadcasting, Inc., Roy H.
Park Broadcasting of Tennessee, Inc., Roy H. Park
Broadcasting of the Tri-Cities, Inc., WICS-TV, Inc.,
WIXT-TV, Inc., WKRG-TV, Inc., and Ziff Davis Broadcasting
Company, et al., Intervenors.
 No. 81-1062.
 United States Court of Appeals,
Eighth Circuit.
 Submitted April 13, 1981.
Decided April 20, 1981.
 
 Christopher A. Hart, Washington, D. C., for petitioners, and intervenor Community Television Network, Inc.
 Vernon L. Wilkinson, R. Michael Senkowski, McKenna, Wilkinson & Kittner, Washington, D. C., for respondents.
 Erwin G. Krasnow, James J. Popham, Valerie G. Schulte, Washington, D. C., for Nat. Ass'n of Broadcasters, Washington, D. C., intervenor.
 Richard J. Favretto, Acting Asst. Atty. Gen., Barry Grossman, Mark C. Del Bianco, Attys., Dept. of Justice, Washington, D. C., Marjorie S. Reed, Acting Gen. Counsel, Daniel M. Armstrong, Associate Gen. Counsel, Washington, D. C., Jeffrey B. Kindler and Linda L. Oliver, Washington, D. C., for F. C. C.
 Before HEANEY, STEPHENSON and ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 This is a petition for review of orders of the Federal Communications Commission. Petitioners are applicants for licenses in the low-power television (LPTV) service, a new kind of television broadcast service which the Commission is proposing to create by rule. Licensees in the LPTV service would operate translators, low-power transmitters designed to rebroadcast the signal of a regular television station. Translators in the new service would have the privilege of originating their own programs, an activity not, as a rule, allowed to existing translator licensees. On December 18, 1980, the Commission entered an order, BC Docket No. 78-253, FCC 80-766, extending until January 16, 1981, the time within which interested persons might apply for the new LPTV licenses. And on January 15, 1981, the Commission granted another extension, BC Docket No. 78-253, FCC 81-21, this time until February 17, 1981. We are asked to review these orders extending time. Petitioners are aggrieved because their applications, or most of them, were uncontested before the extensions complained of were granted, and would have been granted by default, so to speak, absent the extensions. The extensions have permitted other persons, some of whom are intervenors here, to file competing applications, thus ensuring, as a general rule, that petitioners' applications will not be acted on until after a hearing comparing the merits of their applications with those of the later applicants' filings.
 
 
 2
 We hold that the orders of extension are not final for purposes of judicial review. The fact that other persons will now be permitted to compete for the licenses petitioners want will cost them some time and expense, but that is true of many adverse procedural rulings in the course of an administrative proceeding. If the Commission denies any of petitioners' applications, and grants licenses instead to some person whom the extensions of time permitted to apply (and we have no way of knowing how likely either of those events may be), the losing applicants may obtain judicial review at that time of all relevant questions, including the propriety of the extensions of time. The degree of hardship urged by petitioners, while not without some appeal to the conscience, does not approach the exposure to serious civil and criminal penalties that denial of immediate review would have caused in Abbott Labs., Inc. v. Gardner, 387 U.S. 136, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967).
 
 
 3
 The petitions for review are dismissed for want of jurisdiction. We intimate no view on the merits, nor on the question whether, if the orders here were final, review would in any event not be proper in this Circuit.
 
 
 4
 It is so ordered.